# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER McARTHUR,<br>        Plaintiff,<br><br>        v.<br><br>PAN DEL CIELO 2,<br>        Defendant. | No. 3:20-cv-1144 (SRU) |

## <u>ORDER OF DISMISSAL</u>

Alexander McArthur filed the instant action against Pan Del Cielo 2, a restaurant in New Haven, Connecticut. *See* Doc. No. 1. McArthur principally alleges that the store manager at Pan Del Cielo 2 intimidated him. For the reasons set forth below, McArthur's complaint is **dismissed without prejudice**.

## I.    Background

McArthur filed his complaint in the case at bar on August 10, 2020. Doc. No. 1. In his complaint, McArthur alleges that while he was stirring his coffee at Pan Del Cielo 2, the store manager approached him and told him that he needed to wear a mask. Doc. No. 1-2 at 4. McArthur responded by telling him that he would wear a mask next time he comes to the store. *Id*. McArthur then continued stirring his coffee and began recording the interaction with the store manager using his phone. *Id*. He asked the store manager why he was hovering over him, and the store manager pointed to the sign on the store door, which instructed customers to wear masks in the store. *Id*. at 5. On the basis of those facts, McArthur claims that the store manager intimidated him, harassed him, and discriminated against him. *Id*. at 5-8.

McArthur seeks to bring three claims against the store: violation of the Civil Rights Act of 1964; a threat of violence claim pursuant to 42 U.S.C. § 3617; and civil harassment pursuant to CCP § 527.6, a California court rule. *See id.* at 8.

## II.    Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action brought *in forma pauperis* if the Court determines that "the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual mater, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570).

When a plaintiff proceeds *pro se*, the court must construe the pleadings liberally and avoid the "harsh application of technical rules" that could lead to the "inadvertent forfeiture of important rights" merely because a litigant does not have the benefit of representation. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). "[W]hile *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, courts should look for such allegations by reading *pro se* complaints with special solicitude and interpreting them to raise the strongest claims that

they suggest." *Shomo v. State of New York*, 374 F. App'x 180, 183 (2d Cir. 2010) (cleaned up) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)).

### III.    Discussion

I must dismiss this action if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). As a preliminary matter, McArthur brings a claim of intimidation pursuant to 42 U.S.C. § 3617, a provision of the Fair Housing Act. That statute makes unlawful coercion, intimidation, threats, and interference with an individual's rights in the context of "the sale or rental of housing," "residential real estate-related transactions," and "the provision of brokerage services." *See* 42 U.S.C. § 3617 (citing 42 U.S.C. §§ 3603-3606). Section 3617 therefore provides no cause of action relevant to the allegations McArthur raises against Pan Del Cielo 2.

McArthur also seeks to bring a discrimination claim under the Civil Rights Act of 1964. Even liberally construing McArthur's discrimination claim to arise under 42 U.S.C. § 1981, McArthur has not alleged sufficient facts to satisfy the pleading standard. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (A complaint must state "enough facts to state a claim to relief that is plausible on its face."). Section § 1981 provides that "[a]ll  persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "'To establish a claim under 42 U.S.C. § 1981,' a plaintiff 'must allege facts supporting' that '(1) the plaintiff is a member of a racial minority; (2) defendant's intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities.'" *Felder v. United States Tennis Ass'n*, 27 F.4th 834, 848 (2d Cir. 2022) (cleaned up) (quoting *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000)); *see also*

*Bentley, Jr. v. Mobil Gas Station*, 599 F. App'x 395, 396 (2d Cir. 2015) ("To survive a motion to dismiss [a § 1981 claim], a plaintiff must specifically allege the 'circumstances giving rise to a plausible inference of racially discriminatory intent.'") (quoting *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994)). McArthur has pled no facts alleging that Pan Del Cielo 2 intended to discriminate against him on the basis of race, nor any other facts sufficient to support a claim of discrimination under 42 U.S.C. § 1981.

Furthermore, this Court must dismiss this action if the Court determines that it lacks jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B). McArthur's claim brought pursuant to CCP § 527.6 arises under California law. It is doubtful that McArthur's allegations support a claim under that California state provision. In any case, this Court lacks jurisdiction over McArthur's state law claims. McArthur has not pled any facts giving rise to diversity of citizenship between the parties in the instant case. *See* 28 U.S.C. § 1332(a). Moreover, because there are no federal law claims remaining and there is no diversity jurisdiction based on the citizenship of the parties, I decline to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3); *Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 F. App'x 334, 337 (2d Cir. 2011) (advising that "where all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims").

## IV.    Conclusion

For the foregoing reasons, McArthur's complaint is **dismissed without prejudice** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). McArthur may file an amended complaint within **thirty (30) days** of this Order. Failure to file an amended complaint will result in a dismissal of this case with prejudice.

4

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of April 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge